STATE OF WEST VIRGINIA

FILED

December 19, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES C. SMITH,**
**Claimant Below, Petitioner**

**vs.)  No. 12-0711** (BOR Appeal No. 2046718)
              (Claim No. 990055528)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**SOLES ELECTRIC COMPANY, INC.,**
**Employer Below**


**MEMORANDUM DECISION**

Petitioner Charles C. Smith, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 11, 2012, in which the Board reversed a December 13, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 11, 2011, decision denying authorization for left shoulder surgery to treat a torn rotator cuff, acromioclavicular joint arthrosis, and impingement. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith sustained an injury to his left shoulder on March 12, 1999, when a light fixture fell approximately thirty-five feet and struck him. He was treated a few days later by Dr. Lloyd Kurth and diagnosed with a shoulder contusion. At the time, Dr. Kurth did an x-ray and an MRI. Both tests showed a normal left shoulder. Dr. Kurth did not see any indications of a torn rotator cuff or tenderness around the acromioclavicular joint. The shoulder contusion was held compensable by the then Workers' Compensation Division on April 1, 1999.

In 2011, Dr. Nick Zervos diagnosed Mr. Smith with a torn rotator cuff, acromioclavicular joint arthrosis, and impingement. It was his opinion that the current shoulder injuries were a result of the compensable injury sustained on March 12, 1999.  He recommended surgery to treat the injuries.

On April 28, 2011, Dr. P. Kent Thrush interviewed and examined Mr. Smith. His report shows that he reviewed reports by Mr. Smith's previous physicians. No tenderness over the acromioclavicular joint was noted, and the original MRI did not show a torn rotator cuff. He noted that Mr. Smith's range of motion over the years had been slightly restricted but not markedly restricted as it was during the examination Dr. Thrush performed. It was Dr. Thrush's opinion that the current injuries to the shoulder could not be directly related to the injury sustained in March of 1999 "to a reasonable degree of medical probability and certainty." He stated that the time interval was simply too long. Dr. Thrush was of the opinion that no additional treatment was necessary. If Mr. Smith were to undergo surgery, he recommended that it be covered under Mr. Smith's regular health insurance and not by workers' compensation.

The Office of Judges concluded that the requested surgery constitutes reasonable medical treatment secondary to the compensable injury of March 12, 1999. The Office of Judges relied on the standards enumerated in *Wilson v. Workers' Compensation Commissioner*, 174 W.Va. 61, 328 S.E.2d 485 (1984). The Office of Judges found that the claims administrator failed to take the *Wilson* standards into account when it made its decision. The Office of Judges decided that Dr. Zervos's opinion that the torn rotator cuff was related to the original injury held more evidentiary weight than Dr. Thrush's determination that the injuries were not related. Consequently, the Office of Judges reversed the claims administrator's May 11, 2011, decision and ordered authorization of treatment.

The Board of Review determined that the current injuries were not related to the shoulder contusion Mr. Smith sustained in 1999. The Board of Review relied on the report of Dr. Thrush who determined that too much time had passed for the injuries to be related. Dr. Thrush also stated that the original injury to the shoulder was "pretty benign", and the original MRI taken shortly after the injury showed no rotator cuff tear. Accordingly, the Board of Review reversed the December 13, 2011, decision of the Office of Judges and reinstated the claims administrator's May 11, 2011, which denied authorization of the requested surgery.

After reviewing the record, this Court agrees with the reasoning and conclusions of the Board of Review. The original injury was found to be fairly benign and the MRI taken at that time showed no tear of the rotator cuff. Throughout the years there was no tenderness over the acromioclavicular joint, muscular atrophy, or a marked restriction in range of motion noted in the

record. Therefore, it cannot be said that the Board of Review was clearly wrong to place more evidentiary weight on the opinion of Dr. Thrush rather than that of Dr. Zervos.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum